UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GAIL BUTLER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-799** |
| **STACEY GOULD, ET AL** | **SECTION "H"(2)** |

## ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (R. Doc. 5). For the following reasons, this Motion is GRANTED, and this case is DISMISSED WITHOUT PREJUDICE IN PART and REMANDED IN PART.

## BACKGROUND

Plaintiff, Gail Butler, alleges that on January 20, 2013, she was injured when the streetcar in which she was riding was involved in a collision with a United States Postal Service (USPS) vehicle. On October 28, 2013, Plaintiff

1

filed an administrative claim with the USPS. Then, on January 16, 2014, Plaintiff brought a state court suit against the driver of the USPS vehicle, Calvin Robiskie; the owner of the streetcar, Regional Transit Authority; its operator, Veolia Transportation Services, Inc.; and the streetcar driver, Stacy Gould. The United States, on behalf of Robiskie, removed the suit to this Court, certifying that Robiskie was acting within the course and scope of his employment at the time of the accident and substituting the United States as the proper party defendant. The United States now moves to have this case dismissed for lack of subject matter jurisdiction, alleging that Plaintiff failed to exhaust her administrative remedies before filing suit.

## LEGAL STANDARD

A Rule 12(b)(1) motion challenges the subject matter jurisdiction of a federal district court. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[1] In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts.[2] The proponent of federal court jurisdiction bears the burden of establishing subject

---

[1] *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

[2] *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001).

2

matter jurisdiction.[3]

## LAW AND ANALYSIS

The United States of America is a sovereign that is immune from suit except in the manner and degree sovereign immunity is waived.[4] The Federal Tort Claims Act (FTCA) is a partial waiver of immunity to various types of tort claims, including personal injuries allegedly caused by the negligence of federal employees acting within the course and scope of their employment.[5] As a condition of the waiver, the FTCA requires that a plaintiff, prior to filing suit, make a claim with the appropriate federal agency within two years of the date of the incident.[6] In addition, the administrative claim must have been finally denied before a plaintiff may bring a suit in court against the United States.[7] "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim . . . ."[8] Failure to comply with the guidelines of the FTCA creates a jurisdictional defect and deprives the Court of subject matter

---

[3] *See Physicians Hosps. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012).

[4] *United States v. Testan*, 424 U.S. 392, 399 (1976); *Pena v. United States*, 157 F.3d 984, 986 (5th Cir. 1998) ("The principle of sovereign immunity protects the federal government from suit."); *Bodin v. Vagshenian*, 462 F.3d 481, 484 (5th Cir. 2006) (stating that sovereign immunity "deprives federal courts of subject matter jurisdiction").

[5] 28 U.S.C. §§ 1346(b), 2675 (West 2014).

[6] 28 U.S.C. § 2401(b).

[7] 28 U.S.C. § 2675.

[8] *Id.*

3

jurisdiction.[9]

In this case, Plaintiff did not wait until either a final disposition of her claim through the USPS administrative process or the passage of six months from the time she filed her claim with the USPS. It is undisputed that when Plaintiff filed suit in state court against the driver of the USPS truck, her administrative claim had not yet been adjudicated and less than three months had elapsed. "Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under the FTCA, and absent compliance with the statute's requirement the district court is without jurisdiction."[10]

In her opposition, Plaintiff argues that she intentionally did not sue the United States when she brought suit in state court to avoid dismissal on these grounds. She did, however, sue Robiskie, the driver of the USPS truck. The FTCA expressly states that:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court *shall be deemed an action against the United States* under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.[11]

"Thus, any person who believes he has been injured by a government employee acting within the scope of his official duties effectively will be in litigation with

---

[9] *Flory v. United States*, 138 F.3d 157, 159 (5th Cir. 1998).

[10] *Johnson v. United States,* 502 F. App'x 412, 420 (5th Cir. 2012) (quoting *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222–23 (5th Cir. 1989)) (internal alterations omitted).

[11] 28 U.S.C. § 2679(d)(1) (West 2014) (emphasis added).

the United States once the Attorney General's certification of the employee's scope of employment issues."[12] Plaintiff cannot avoid the administrative claim exhaustion requirements of the FTCA by suing only an employee of the United States. "It is well established that FTCA claims may be brought against only the 'United States,' and not the agencies or employees of the United States."[13]

Plaintiff likewise asserts that she was forced to prematurely file suit in state court in order to interrupt prescription pursuant to Louisiana Civil Code article 3492 and that this situation creates a "serious quandary between state and federal law."[14] To the contrary, the FTCA is the exclusive remedy for tort claims against the United States arising from the actions of government employees, and thus Louisiana law is inapplicable.[15] The FTCA provides a special statute of limitations for claims against the United States. It states that:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.[16]

Accordingly, Plaintiff would have had six months after the final denial of her claim by the USPS in which to file suit against the United States (as the proper

---

[12] 14 ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 3658 (3d ed.).

[13] 28 U.S.C. § 2679(a) (West 2014); *Walters v. Smith*, 409 F. App'x 782, 783 (5th Cir. 2011).

[14] R. Doc. 7.

[15] *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988).

[16] 28 U.S.C. § 2401(b) (West 2014).

5

party defendant for the driver of the USPS truck).

For these reasons, this Court lacks subject matter jurisdiction over Plaintiff's claim against the United States, as proper party defendant for Robiskie, and this claim must be dismissed. The dismissal leaves this Court with, according to Plaintiff's petition, a state law tort suit by a Louisiana resident against another Louisiana resident and two political subdivisions of the City of New Orleans. Plaintiff has given this Court no basis on which to assert either diversity or federal question jurisdiction over these remaining claims. Accordingly, this Court holds that it lacks subject matter jurisdiction over the remainder of this case, and it must be remanded back to state court.[17]

## CONCLUSION

For the foregoing reasons, this Motion is GRANTED. Plaintiff's claim against the United States is DISMISSED WITHOUT PREJUDICE, and the case is REMANDED.

New Orleans, Louisiana, this 18th day of November, 2014.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

---

[17] *See* 28 U.S.C. § 1447 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").